# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5443 | **DATE** | 10/3/2003 |
| **CASE TITLE** | Jonathan Baker et al. vs. R. Thomas Buffenbarger et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation hereby submitted to Judge Aspen. It is recommended that Plaintiffs' emergency motion for preliminary injunction be **denied**. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 06 2003 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 03 OCT -3 PM 4:16 | 10/3/2003 | |
| | | | date mailed notice | |
| | FT/*recy* courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN BAKER, HERBERT ELAM, )
THOMAS VERNE, BOB FEEHAN, )
INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE WORKERS )
LOCAL LODGE 701, )
 )
     Plaintiffs, )
 )
   v. )
 )
R. THOMAS BUFFENBARGER, BOYSEN )
ANDERSON, and ROGER NAUYALIS, )
INTERNATIONAL ASSOCIATION OF )
MACHINISTS AND AEROSPACE WORKERS, )
 )
     Defendants. )

No. 03C 5443

Judge Marvin E. Aspen

Magistrate Judge
Arlander Keys

DOCKETED
OCT 0 6 2003

TO: THE HONORABLE MARVIN E. ASPEN
  UNITED STATES DISTRICT JUDGE

## REPORT AND RECOMMENDATION

In February 2003, the International President of the International Association of Machinists and Aerospace Workers (IAM) placed one of IAM's largest locals, Local 701, under trusteeship. He also suspended Local 701's Business Representatives and all of its Executive Board Members, all allegedly because they failed to tow the party line in connection with IAM's attempt to obtain a nationwide contract with United Parcel Service. In subsequent internal union proceedings, IAM charged four Local 701 representatives (Herbert Elam, Ronald Behrman, Robert Feehan and Jonathan Baker) with failing to follow IAM directives and with various other union-related offenses.

Elam, Behrman, Feehan and Baker sued in this Court, seeking to enjoin the Trusteeship and alleging, among other things, that IAM unlawfully disciplined them, deprived them of their right to free speech and their right to vote.

Meanwhile, IAM conducted an internal investigation and preliminary hearing with respect to Local 701, and decided to dismiss all of the charges against Feehan and Behrman, and some but not all of the charges against Elam. IAM decided to proceed with the charges against Baker and with the remaining charges against Elam, and it set the matter for trial on October 6 and 7, 2003.

On October 2, 2003, two business days before the trial was set, the plaintiffs filed an emergency motion to enjoin IAM from going forward with the trial. The district court referred the motion to this Court, and the Court heard oral argument on the motion this morning. After carefully considering the arguments advanced by counsel at the hearing, as well as the arguments advanced by the plaintiffs in their brief in support of the motion, the Court is not persuaded that the plaintiffs will suffer irreparable harm absent the injunction.

The gist of plaintiffs' argument on irreparable harm is that, if the union trial is not put off, they will be prevented from fully presenting their case because they just received 2,000 pages of documents from IAM, and they have not yet had an

opportunity to review those documents. Counsel for IAM represented that, in IAM's view, these documents have nothing to do with the issues to be tried next week, and, in any event, the Trustee is required to put on his case first, which means, as a practical matter, the plaintiffs may actually have more time to review the documents than they think they have. Counsel for IAM also represented that if those documents prove relevant to the defense of the case actually presented by the Trustee, the plaintiffs can come back before the district court to demonstrate that their inability to wade through those 2,000 pages actually prejudiced them. Indeed, counsel represented that the lines of communication will remain open on the issue, and that IAM is willing to work with the plaintiffs, without court intervention, to ensure that the short turn around time on these documents will not serve to deny the plaintiffs a fair hearing. Given the tremendous deference to be afforded the union's internal processes, and the questionable relevance of the documents, the Court agrees with IAM that the 2,000 pages of documents do not justify the relief plaintiffs seek. The possibility that the plaintiffs will actually be prejudiced by the timing of IAM's document production is simply too remote at this point.

Further undermining the plaintiffs' claim of irreparable harm is the fact that the plaintiffs continue to receive pay and other benefits while the union's internal process unfolds.

3

Plaintiffs' counsel admitted that his clients have received salary and benefits throughout this ordeal, and that they will continue to receive salary and benefits pending a final decision on the matter - which, according to representations made by IAM's counsel, is at least six weeks and, if one includes the internal appeal process, likely several months away. Thus, to the extent the plaintiffs will suffer monetary harm, if at all, it is certainly not imminent.

At the hearing this morning, plaintiffs' counsel mentioned that his clients' membership rights have been affected by IAM's actions because they are precluded from speaking at union meetings. First, even if the plaintiffs are precluded from speaking at meetings, based upon representations made at the hearing, it is clear that they are nonetheless able to make their views known to members through the distribution of written materials. Second, counsel did not explain, and the Court cannot fathom, how putting off the trial would remedy that alleged wrong.

Finally, and perhaps most importantly on the issue of irreparable harm, to the extent the trial next week results in a decision that is unfair or unjust - whether because the plaintiffs lacked adequate time to prepare or because of some other reason - IAM's Constitution gives the plaintiffs the right to appeal that decision. And to the extent IAM's decision is

unreasonable or to the extent the process afforded by IAM is constitutionally deficient, the plaintiffs will be able to make their case before the district court.

For the reasons set forth above, the Court finds that the plaintiffs have failed to demonstrate that they will suffer irreparable harm absent relief, a necessary prerequisite to obtaining a preliminary injunction. *See, e.g., Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386-87 (7th Cir. 1984). Accordingly, the Court recommends that the district court deny plaintiffs' emergency motion.

Dated: October 3, 2003

RESPECTFULLY SUBMITTED:

_____
ARLANDER KEYS
United States Magistrate Judge


Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Marvin E. Aspen. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).