# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5443 | **DATE** | 12/2/2004 |
| **CASE TITLE** | Jonathan Baker et al. vs. R. Thomas Buffenbarger et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation submitted to Judge Aspen. The Court recommends that Plaintiffs' Motion for Sanctions [#35] be **granted in part** for reasons outlined in the attached Order. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. /AK/

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 3 2004 date docketed | 55 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 12/2/2004 date mailed notice | |
| FT/ pay | courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 0 3 2004

JONATHAN BAKER, HERBERT ELAM, )
THOMAS VERNE, BOB FEEHAN, )
and RON BEHRMAN, )
)
    Plaintiffs, ) No. 03-C-5443
)
) Judge Marvin E. Aspen
vs. )
) Magistrate Judge
R. THOMAS BUFFENBARGER, BOYSEN ) Arlander Keys
ANDERSON, ROGER NAUYALIS, )
and the INTERNATIONAL ASSOCIATION )
OF MACHINISTS AND AEROSPACE )
WORKERS, )
)
    Defendants. )

TO:  The Honorable Marvin E. Aspen
     United States District Court

## REPORT AND RECOMMENDATION

Currently before the Court is Plaintiffs' Motion for Sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiffs claim that, in response to one of their production requests, Defendants grossly exaggerated the number of documents that were responsive, causing Plaintiffs to incur unnecessary fees and costs. For the reasons set forth below, the Court recommends that Plaintiffs' Motion be granted in part.

### Background Facts

On April 7, 2004, Plaintiffs requested that Defendants produce Defendant IAM's policies or procedures concerning compliance with the Labor Management Reporting and Disclosure Act

("LMRDA"). Defendants objected to the request on the ground that it was overly broad and unduly burdensome. During a Rule 37.2 conference, Defendants informed Plaintiffs that the responsive documents could fill a warehouse, and that the documents were too numerous to be photocopied and mailed to Chicago. Faced with this knowledge, Plaintiffs counsel agreed to fly to Washington D.C. to inspect the documents.

Prior to Plaintiffs' counsel's scheduled visit, Defendants' counsel read through the documents in question and managed to winnow down the responsive and relevant documents to a mere two boxes of documents. Defendants did not communicate this information to Plaintiffs.

On July 1, 2004, attorney Jeffrey Naffziger, accompanied by Plaintiff Jon Baker, flew to Washington D.C. for the scheduled inspection. Based upon Defendants' representation concerning the number of responsive documents involved, Mr. Naffziger set aside two business days for the inspection. The actual inspection lasted only two hours. Plaintiffs' counsel attempted to work on other matters while in Washington D.C., but was unable to do so.

Plaintiffs claim that Defendants should have photocopied and mailed the responsive documents to them in Chicago. By misrepresenting the number of documents involved, Defendants caused Plaintiffs to incur unnecessary and substantial costs. Plaintiffs have filed this Motion for Sanctions, arguing

2

that Federal Rule of Civil Procedure 37 authorizes courts to award sanctions to punish a party's abuse of the discovery process, citing *First Interstate Bank v. National Republic Bank of Chicago*, No. 80 C 6401, 1986 WL 6928, at *7 (N.D. Ill. June 10, 1986) (granting expenses and fees for counsel's travel, where opposing party caused counsel to travel unnecessarily). Plaintiffs seek $1,980.50 in attorneys' fees[1]; $374.69 for Mr. Naffziger's costs; and $526.95 for Mr. Baker's expenses, for a total of $2,882.14.

Defendants counter that *First Interstate* is readily distinguishable on numerous grounds, not the least of which is the fact that the sanctioned party violated both the Federal Rules of Civil Procedure and (more importantly) a court order. Defendants further note that the Federal Rules of Civil Procedure do not require a party to photocopy and mail responsive discovery documents, and that there was no court order in this case compelling them to do so.

The Court agrees that Defendants' antics[2] with regard to the discovery in question did not violate a court order. Therefore, sanctions pursuant to Rule 37 would be inappropriate. *See*

---

[1] Plaintiffs list Mr. Naffziger's downtime in Washington D.C. in their Sanctions brief, but do not include the attorneys' fees associated with this time in their request.

[2] Indeed, Defendants' behavior is fairly consistent with the tit-for-tat, borderline petulant mentality embraced by counsel for both parties.

3

*FineLine Distributors, Inc. v. Rymer Meats, Inc.*, No. 93 C 5685, 1994 WL 376283, at *4 (N.D. Ill. July 15, 1994) ("the cases interpreting Rule 37(b) clearly establish that the Court should only issue sanctions pursuant to Rule 37(b) for a violation of a court order regarding discovery.")

However, the Court is free to exercise its power to impose sanctions pursuant to 28 U.S.C. § 1927. *Parakevopoulos v. Chalmers*, No. 86 C 7834, 1989 WL 36219, at *1 (N.D. Ill. April 7, 1989) (noting that "[s]anctions under § 1927 may be imposed sua sponte by the court.") Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses, and attorneys' fees incurred because of such conduct." 28 U.S.C. sec. 1927. A lawyer risks sanction by pursuing "a path that a reasonably careful attorney would have known after appropriate inquiry to be unsound." *Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987) (sanctions are equally permissible if the attorney acts intentionally, recklessly, or even negligently.)

The Court finds that Defendants' misrepresentations needlessly caused Plaintiffs to incur substantial costs; a minimal amount of investigation would have revealed the fallacy of their assertion. Defendants were, at best, negligent in failing to notify Plaintiffs that they had grossly overestimated

4

the number of documents responsive to Plaintiffs' discovery request.  As such, sanctions are appropriate, not because Defendants violated an order or duty to photocopy and mail the responsive documents, but because Defendants either intentionally or negligently misrepresented facts, which they could have readily verified.  In doing so, Defendants altered the playing field at the Rule 37.1 conference, and dramatically increased the odds that Plaintiffs would (at least reluctantly) agree to make the investigative trip out to Washington D.C.  The Court finds it unlikely that any party, least of all these Plaintiffs, would have agreed to travel thousands of miles, incurring needless costs and losing precious hours, to review two very portable boxes or responsive documents.  The Court need not decipher whether Defendants intentionally misled Plaintiffs from the onset, or simply failed to notify Plaintiffs when it became obvious that the documents would not "fill a warehouse".  In either circumstance, Defendants' counsel's conduct was patently unreasonable and vexatiously increased the costs of this litigation, and they – not Plaintiffs – should bear the brunt of the costs involved.

The Court recommends that Defendants' counsel be ordered to reimburse Plaintiffs for their reasonable fees and costs.  The Court notes that most of Plaintiffs' costs are reasonable; the requested (and documented) airfare is relatively inexpensive for

business travel, and neither Mr. Naffziger nor Mr. Baker requested reimbursement for hotel stays. The Court recommends that Plaintiffs be awarded the costs incurred for Messers. Naffziger's and Baker's airfare and meals, as well as Mr. Naffziger's Metro fares and Internet café charges, and Mr. Baker's car rental, gas, and parking. However, the Court finds excessive Mr. Naffziger's request for $75.00 for four days of parking at O'Hare airport (particularly since he anticipated that his business in Washington D.C. would last only two business days), and halves the request.

The Court also recommends that Plaintiffs' attorneys' fees for the time Mr. Naffziger spent traveling to and from Washington D.C., be granted, but that fees[3] for Mr. Naffziger's unanticipated down-time in Washington D.C. and for the time Mr. Naffziger spent traveling within Washington D.C be denied. Therefore, the Court recommends that Plaintiffs' Motion be granted, in part; and that Plaintiffs be awarded $864.14 in costs, and $1794.50 in reasonable attorneys' fees, for a total of $2,658.64.

---

[3] Defendants do not challenge Mr. Naffziger's hourly rate of $185.00.

6

**Conclusion**

For the reasons set forth above, the Court recommends thatPlaintiffs' Motion for Sanctions be granted, in part, in the amount of $2,658.64.

Date: December 2, 2004

ENTER:

*[signature]*

ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Marvin E. Aspen. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).